UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-CV-00599-CAS (CW) | Date | July 1, 2015 |
|---|---|---|---|
| Title | HYEONJOO MUNDKOWSKY v. COUNTY OF LOS ANGELES, et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers)** PLAINTIFF'S *EX PARTE* MOTION TO DISQUALIFY MAGISTRATE JUDGE CARLA WOEHRLE (Dkt. 117, filed June 30, 2015)

Plaintiff initiated this action on January 24, 2014, dkt. 1, and filed the operative first amended complaint on April 9, 2014. Dkt. 16. Plaintiff's motion to disqualify Magistrate Judge Carla Woehrle, filed on June 30, 2015, has been referred to the undersigned judicial officer. Dkt. 117, 118.

The Court construes the motion as arising under 28 U.S.C. §§ 144 and 455. Section 144 provides for disqualification whenever "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." The affidavit must set forth "the facts and the reasons for the belief that bias or prejudice exists." Id. Section 455 requires a judge or magistrate judge to disqualify herself in any proceeding in which she is actually biased, or in which her impartiality might reasonably be questioned. 28 U.S.C. § 455.

Under both statutes, the standard for disqualification is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986)). "The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." Studley, 783 F.2d at 939; see also Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045–46 (9th Cir. 1987) (erroneous rulings do not justify a finding of judicial bias).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:14-CV-00599-CAS (CW) | Date | July 1, 2015 |
| Title | HYEONJOO MUNDKOWSKY v. COUNTY OF LOS ANGELES, et al. | | |

    Having reviewed the motion, the Court finds no grounds to disqualify Judge Woehrle. Plaintiff asserts that Judge Woehrle (1) unreasonably delayed decision on plaintiff's motions for default judgment for over 400 days; (2) allowed defendants to file motions to dismiss forty-seven and fifty-two days beyond the allowable twenty days; (3) recommended dismissal of plaintiff's action because plaintiff had not paid the filing fee, when in fact plaintiff had; (4) ignored relevant evidence; (5) applied incorrect legal standards; and (6) represented individuals, during her time as a practitioner, that were in similar situations that plaintiff is in here.

    First, none of the first five allegations result from an extrajudicial source "because they involve the judge's performance while presiding over this case. Thus, these grounds do not provide a basis for recusal." Studley, 783 F.2d at 939 (internal citations omitted). Furthermore, as set forth above, plaintiff's disagreement with Judge Woehrle's prior rulings—both in terms of the evidence considered and the legal standard applied—is not proof of bias, and is not a proper basis for disqualification. Nor would the fact that Judge Woehrle allowed defendants to file motions to dismiss beyond the allowable time period lead a reasonable person to conclude that she might not be impartial. Similarly, the prolonged period of time it took Judge Woehrle to rule on plaintiff's motion for default judgment is not evidence of bias, especially given the considerable length of plaintiff's complaint and its attached exhibits. Finally, plaintiff provides no basis for why Judge Woehrle's experience as a practitioner representing clients similar to plaintiff bears on her treatment of the issues in this case.

    For these reasons, the motion to disqualify Judge Woehrle is **DENIED**.

    **IT IS SO ORDERED.**

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |